UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D2, JAMES WOODS,

    Defendant.
_____/

Case No. 19-cr-20112-02
Hon. Matthew F. Leitman

# AMENDED[1] ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REVOKE ORDER OF DETENTION (ECF No. 250)

Defendant James Woods is awaiting trial in this Court. On May 17, 2019, Woods consented to be detained pending trial, and the assigned Magistrate Judge entered an order reflecting that agreement (the "Detention Order"). (*See* Detention Order, ECF No. 9.) Woods has now filed a motion seeking to revoke the Detention Order on the sole basis that he should be released due to the ongoing COVID-19 pandemic. (*See* Mot., ECF No. 250.) The Court takes the threat of the COVID-19 pandemic seriously, but for the reasons that follow, Woods's motion is **DENIED**.

---

[1] The only change from the original order is the correction of the use of the wrong last name at one point in the first paragraph of the order.

1

# I

On February 27, 2019, Woods was charged in an indictment with one count of conspiracy to possess with intent to distribute and to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of use of a communication facility in violation of 21 U.S.C. § 843(b). (*See* Indictment, ECF No. 5.) In the indictment, the Government alleged that "[t]he conspiracy as a whole involved 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance." (*Id.*, PageID.2.)

The Government moved to detain Woods pending trial, and Woods consented to that detention. On May 17, 2019, the assigned Magistrate Judge entered the Detention Order. (*See* Detention Order, ECF No. 73.) The Detention Order reflected that Woods had "agree[d] to remain in custody and consent[ed] to detention." (*Id.*, PageID.327.)

Following entry of the Detention Order, a grand jury returned several superseding indictments against Woods and his co-defendants. (*See* Sec. Superseding Indictment, ECF No. 82; Third Superseding Indictment, ECF No. 105; and Fourth Superseding Indictment, ECF No. 149.) The operative indictment in this action, the Fourth Superseding Indictment, charges Woods with one count of

conspiracy to possess with intent to distribute and to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1), one count of use of a communication facility in violation of 21 U.S.C. § 843(b), and two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a).

On March 25, 2020, Woods filed an emergency motion to revoke the Detention Order. (*See* Mot., ECF No. 250.) Woods's sole argument in the motion is that he is entitled to release due to the ongoing COVID-19 pandemic. (*See id.*)

## II

Pretrial detention of criminal defendants is governed by the Bail Reform Act, 18 U.S.C. § 3142. The United States Court of Appeals for the Sixth Circuit has explained that that Act establishes the following framework for review of pretrial detention matters:

> Under the Bail Reform Act, 18 U.S.C. § 3142, upheld by the Supreme Court in *United States v. Salerno,* 481 U.S. 739, (1987), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). The default position of the law, therefore, is that a defendant should be released pending trial.
>
> That default is modified, however, for certain, particularly dangerous defendants. Specifically, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in section

3142(e)(3), there is a presumption in favor of detention: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. [*United States v.*] *Hazime,* 762 F.2d [34,] 37 [(6th Cir. 1985)]. Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.

As our sister circuits have found, section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *See, e.g., United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir. 1985). A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Mercedes,* 254 F.3d at 436. Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991); *see also United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991)("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes,* 254 F.3d at 436. The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to

4

trial. *See United States v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by *United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Jessup,* 757 F.2d at 387.

Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. In determining whether the government has met that burden of persuasion, the court must consider certain factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

5

> criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....
>
> 18 U.S.C. § 3142(g). However, consideration of these factors shall not be construed to modify or limit the presumption of innocence. 18 U.S.C. § 3142(j).

*United States v. Stone*, 908 F.3d 939, 945-46 (6th Cir. 2010).

## III

### A

Given the nature of the charges against Woods, there is a rebuttable presumption that no condition or combination of conditions of release would reasonably assure his appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). The first issue that this Court must consider is whether he has overcome that presumption. He has not. In fact, he has not presented any evidence that bears on the relevant factors under Section 3142(g). Because Woods has not overcome the presumption that he should be detained pending trial, the Court declines to disturb the Detention Order.

**B**

Even without the presumption in favor of detention, on the record currently before the Court, the Court would still not grant Woods's motion and revoke the Detention Order. That's because under the current record the only information and argument related to the Section 3142(g) factors is presented by the Government, and the Government's proffer weighs in favor pretrial detention.

The Court first considers the nature and circumstances of the offenses charged, including whether they involve a firearm. *See* 18 U.S.C. § 3142(g)(1). The charges here are serious. The Government has charged Woods with being a "long-time member of a conspiracy that dealt cumulatively large amounts of controlled substances" (cocaine and heroin) in multiple jurisdictions. (Gvt. Resp. Br. ECF No. 255, PageID.1150.) The Government further says that "the statements and testimony of numerous witnesses demonstrate that Woods" was heavily involved in the conspiracy and "was not a peripheral player." (*Id.* at PageID.1153.)

The second factor that the court must consider is the weight of the evidence. *See* 18 U.S.C. §3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. The Government's proffer of Woods's dangerousness is strong. The Government asserts that Woods was involved in large-scale "drug dealing," that he was seen "armed with a firearm," that he had a "sexual relationship" with a thirteen-

year-old female child, that Woods physically abused that child, and that Woods tried to get others to have sex with the child against her will. (*Id.*, PageID.1152-1153.) The Government further claims that "Woods and his brother trapped and threatened a customer over a minor drug debt." (*Id.*, PageID.255.)

The third factor that the Court must consider is "the history and characteristics of the person" accused. 18 U.S.C. §3142(g)(3). The Government proffers that Woods "lied to pre-trial services about his residency," has no employment history, does not have a high school degree or GED, has a history of substance abuse issues, had two open criminal cases at the time of his arrest, and has violated probation in the past. (Gvt. Resp. Br., ECF No. 255, PageID.1154-1155.)

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Woods's] release." 18 U.S.C. §3142(g)(4). Based on the Government's unrebutted proffer, this factor weighs in favor of a finding that Woods poses a serious danger and should be detained. Woods's purported effort to have a teenage girl sexually assaulted and his purported role in holding an individual against his will suggest that the threat he poses is a serious one.

For the reasons explained above, the Government's unrebutted proffer clearly and convincingly establishes that Woods poses a danger to the community and that there are not any conditions or set of conditions of release that can adequately protect

the community. Woods is therefore not entitled to pretrial release on the current record.

## C

Finally, Woods has not persuaded the Court that is entitled to pre-trial release based upon the COVID-19 pandemic. The Court recognizes that COVID-19 poses a serious threat to all members of our community, including Woods. And the Court is sensitive to the special risks that COVID-19 poses to incarcerated persons. However, the COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors. *See United States v. Martin*, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) (explaining that "as concerning as the COVID-19 pandemic is," a court must nonetheless conduct "an individualized assessment of the factors identified by the Bail Reform Act"). In an appropriate case, the circumstances of the COVID-19 pandemic, and the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the balance in favor of pretrial release. But given the record now before the Court, based upon the balance of Section 3142(g) factors described above, the Court is not persuaded that the COVID-19 pandemic justifies releasing Woods prior to trial.

## IV

If Woods wishes to do so, he may file a renewed motion for revocation of the Detention Order that addresses each of the Section 3142(g) factors, and explains how the balance of those factors, in combination with the existence of the COVID-19 pandemic, justifies his release from pretrial detention. The Government, which bears the ultimate burden of proof under Section 3142(g), may then respond. The Court does not mean to give Woods false hope that his release is likely in the event that he files a renewed motion, but the Court does commit to giving any renewed motion fair and open-minded consideration.

## V

For all of the reasons stated above, Woods's motion for revocation of the Detention Order (ECF No. 250) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764